UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| SAGICOR LIFE INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>vs.<br><br>EUGENE E. HOUCHINS, III, et al.,<br><br>    Defendants. | Civil Action Number<br>**5:17-cv-02189-AKK** |

## **MEMORANDUM OPINION AND ORDER**

Sagicor Life Insurance Company filed this action seeking recovery of commissions it paid to Eugene E. Houchins, III, William I. Davis, and Third Financial, Inc. for the sale of life insurance policies. Doc. 27. Sagicor alleges that the defendants earned the commissions by engaging in an illegal rebating scheme, and asserts claims for breach of contract, unjust enrichment, and conversion. *Id.* Presently before the court is Houchins and Third Financial's motion to compel arbitration, doc. 54, which is due to be granted.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

Sagicor entered into Producer Agreements with Houchins, Davis, and Third Financial, which granted the defendants the right to sell life insurance policies issued by Sagicor and to earn commissions for the sale of the policies. Docs. 27 at

¶¶ 14-15; 31-1; 32-1. Under the terms of the agreements, the defendants earned the highest commission in the year they sell a policy. *See* doc. 27 at ¶ 17. In that first year, the commission could be as much as 125% of the premium. *Id.* Allegedly, the defendants engaged in a rebating scheme, whereby they solicited life insurance applications in Alabama and North Carolina by offering to pay the insured all or part of the first year premium for the policies. *Id.* at ¶¶ 26, 28-29. While purportedly utilizing this scheme, Houchins submitted six applications to Sagicor, resulting in the issuance of five policies for which he received over $880,000 in commissions. *Id.* at ¶ 27.[1] All five policies lapsed a year later. *Id.*

The alleged rebating scheme violates Alabama, North Carolina, and Florida law[2] and Sagicor's policies. Doc. 27 at ¶¶ 25, 30, n.1. In addition, because the Producer Agreements require the defendants to "solicit applications in accordance with applicable state laws and regulations, [and] the rules and regulations of the Company," *see* doc. 31-1 at ¶ 1.1, Sagicor asserts that the defendants' conduct breached the terms of the Producer Agreements. Doc. 27 at ¶¶ 31-39. Based on the defendants' alleged scheme and breach of the Producer Agreements, Sagicor initiated this action, asserting claims for breach of contract, unjust enrichment, and conversion. Doc. 27. For their part, the defendants assert breach of contract

---

[1] Houchins shared a portion of his commissions with Davis and assigned his portion to Third Financial. Doc. 27 at ¶¶ 5, 16.

[2] The Producer Agreements provide that they "shall be interpreted and enforced under the laws of Florida . . . ." Docs. 31-1 at ¶ 16; 32-1 at ¶ 16.

2

counterclaims based on their allegations that Sagicor provided them with software that produced inaccurate projections of returns and future premiums for the policies. Docs. 44; 45.

## II. ANALYSIS

Houchins and Third Financial move to compel arbitration pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.* Doc. 54. "The FAA embodies a 'liberal federal policy favoring arbitration agreements.'" *Hill v. Rent-A-Center, Inc.*, 398 F.3d 1286, 1288 (11th Cir. 2005) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)). "By its terms, the Act leaves no place for the exercise of discretion by a district court, but instead mandates that district court *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement had been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (emphasis in original). And, "as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration . . . ." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24-25.

Although federal policy favors arbitration agreements, "the question of whether a contract's arbitration clause requires arbitration of a given dispute remains a matter of contract interpretation." *Seaboard Coast Line R. Co. v. Trailer Train Co.*, 690 F.2d 1343, 1348 (11th Cir. 1982) (citations omitted). Accordingly,

"a party cannot be required to submit to arbitration any dispute which he has not agreed to so submit." *Steelworkers v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 582 (1960). Federal courts generally apply state contract law to determine if the parties agreed to arbitrate a dispute. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995) (citations omitted).

  A. <u>Whether this action is within the scope of the arbitration agreement</u>

Generally, the court must consider (1) whether a valid written agreement to arbitrate exists and (2) whether the agreement encompasses the dispute. *See Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444, 452 (2003). Here, however, Sagicor does not dispute the existence of an arbitration agreement. *See* doc. 62. *See also* docs. 31-1 at ¶ 15; 32-1 at ¶ 15 (the Producer Agreements stating "[i]f any dispute or disagreement shall arise in connection with any interpretation of this agreement, . . . [and] the parties cannot agree on a written settlement within (90) ninety days after it arises, . . . then the matter in controversy shall be settled by arbitration, in accordance with the rules of the American Arbitration Association . . . ."). Sagicor challenges the second prong instead, arguing that its claims "do not arise solely from the contract" and are based also on the defendants' alleged statutory violations. Doc. 62 at 6. This contention is unavailing because assessing whether parties agreed to arbitrate a claim is not dependent on whether the claim arises solely from the contract containing the arbitration agreement. Rather, the analysis

4

hinges on whether the claims "raise some issue the resolution of which requires reference to or construction of some portion of the contract itself." *See Seifert v. U.S. Home Corporation*, 750 So. 2d 633, 638 (Fla. 1999) (citations omitted).

Relevant here, it is undisputed that this case involves breach of contract claims and counterclaims, which will require reference to the Producer Agreements. Similarly, Sagicor's unjust enrichment and conversion claims seeking recovery of the allegedly ill-gotten commissions, *see* doc. 27 at 11-12, also require reference to the Agreements to determine whether the defendants were entitled to the commissions. In that respect, the presence of additional alleged statutory violations do not nullify the parties' agreement to arbitrate their disputes. As for the cases Sagicor cites in opposition to arbitration, none involves breach of contract claims, or claims that require reference to a contract between the parties. *See Seifert*, 750 So. 2d at 635 (involving a wrongful death claim); *King Motor Co. of Fort Lauderdale v. Jones*, 901 So. 2d 1017, 1017 (Fla. Ct. App. 2005) (involving negligence, gross negligence, unfair and deceptive trade practices, and violation of the Credit Services Organization Act claims); *Terminix Int'l Co. v. Michaels*, 668 So. 2d 1013 (Fla. Ct. App. 1996) (involving negligence and strict liability claims). Thus, Sagicor's reliance on those cases for its contention that the arbitration agreement does not apply to this dispute is misplaced. Therefore, because the claims and counterclaims in this action relate to the parties'

performance under the Producer Agreements, *see* docs. 27; 44; 45, and the resolution of the claims and counterclaims will require reference to the Producer Agreements, *see Seifert*, 750 So. 2d at 638, the arbitration agreement encompasses this dispute.

  B. <u>Whether the defendants waived their right to arbitrate</u>

Sagicor argues alternatively that the defendants waived their right to arbitrate by initially responding to Sagicor's complaint with a letter requesting that the parties make a good faith attempt to amicably resolve the dispute, and by substantially invoking the litigation process in this case. Doc. 62 at 8-10. *See also* doc. 62-1. Whether a party waived its right to arbitrate is a question of federal law. *S&H Contractors, Inc. v. A.J. Taft Coal Co.*, 906 F.2d 1507, 1514 (11th Cir. 1990) (citations omitted). In this Circuit, the analysis requires that the court decide: (1) if "'under the totality of the circumstances, the party has acted inconsistently with the arbitration right;'" and (2) whether by so acting, "'that party has in some way prejudiced the other party.'" *Garcia v. Wachovia Corp.*, 699 F.3d 1273, 1277 (11th Cir. 2012) (quoting *Ivax Corp. v. B. Braun of Am., Inc.*, 286 F.3d 1309, 1315-16 (11th Cir. 2002)).

An analysis of these two factors favors arbitration. First, that the defendants expressed an intent to resolve the dispute is not evidence of a waiver because the agreement requires the parties to "make every effort to meet and settle their

disputes in good faith informally" before proceeding to arbitration. Doc. 31-1 at ¶ 15. Similarly, that Houchins and Third Financial waited almost seven months to file their motion to compel arbitration is not dispositive on the waiver issue because the answer they filed raised arbitration as an affirmative defense by contending that Sagicor "failed to perform necessary conditions precedent prior to filing" suit. *See* doc. 32 at 8-9. Moreover, Sagicor does not assert that the defendants' delay in filing their motion prejudiced it, *see* doc. 62, which is a required element in this circuit on the waiver issue, *see Garcia*, 699 F.3d at 1277. In short, Sagicor has not demonstrated that the defendants waived their right to arbitrate this dispute.

### III. CONCLUSION AND ORDER

Based on the foregoing, Houchins and Third Financial's motion to compel arbitration, doc. 54, is hereby **GRANTED**. Consistent with the discussion held during the discovery conference, and with the parties' agreement, *see* doc. 66, the court will retain jurisdiction over this matter for the purposes of discovery, which is slated to end on April 5, 2019, *see* doc. 65. Thereafter, the court will order the parties to proceed to arbitration and will dismiss the case without prejudice to the parties moving to reopen to enforce or vacate the arbitration award.[3]

---

[3] *See, e.g.*, *Bercovitch v. Baldwin Sch., Inc.*, 133 F.3d 141, 156 n.21 (1st Cir. 1998) ("[A] court may dismiss, rather than stay, a case when all of the issues before the court are arbitrable."); *see also L.E.A. Dynatech, Inc. v. Allina*, 49 F.3d 1527, 1530 (Fed. Cir. 1995)

**DONE** the 6th day of December, 2018.

                                                _____
                                                   **ABDUL K. KALLON**
                                          UNITED STATES DISTRICT JUDGE

---

("[D]ismissal without prejudice may operate as an alternative to a stay of proceedings."); *Caley v. Gulfstream Aerospace Corp.*, 333 F. Supp. 2d 1367, 1379 (N.D. Ga. 2004) (compelling arbitration and dismissing the case, stating that "[t]he weight of the authority clearly supports dismissal of the case when *all* of the issues raised in the district court must be submitted to arbitration") (emphasis in original), *aff'd* 428 F.3d 1359 (11th Cir. 2005).